The NORTHERN ASSURANCE COMPANY OF AMERICA, Plaintiff/Appellee,

v.

Floyd D. CARR, Steven G. Rhodes, and Mittie Beggs, as Administratrix of the Estate of Linda Carole (Rhodes) Carr, Deceased, Defendants/Appellants.

No. 87–2086.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1988.

Decided Nov. 3, 1988.

Paul A. Welchans, Chain, Younger, Lemucchi, Noreiega, Cohn, Stiles & Rodriguez, Bakersfield, Cal., for defendants-appellants.

James P. Wagoner and Philip M. Flanigan, McCormick, Barstow, Sheppard, Wayte & Carruth, Fresno, Cal., for plaintiff-appellee.

Before BOOCHEVER and NOONAN, Circuit Judges, and STEPHENS,* District Judge.

NOONAN, Circuit Judge:[1]

The Northern Assurance Company of America (Northern), a Massachusetts corporation, brought suit under 28 U.S.C. § 1332(a)(2) against Floyd D. Carr, Steven G. Rhodes, and Mittie Beggs as administratrix of the estate of Linda Carole Carr, seeking a declaration as to the existence of insurance coverage under a policy issued to Floyd D. Carr by Northern. The insured was involved in an automobile accident in which a family member died. The question is whether the policy's exclusion of bodily injury from coverage also excludes death from coverage. Applying California law in this diversity suit, the district court gave judgment for Northern. We affirm.

*The Policy*

The policy is entitled "Personal Automobile Policy." The page following the title is entitled "Quick Reference" and has an index to a variety of provisions but not to the exclusion which is at issue here. A series of definitions follows, none of which are relevant to this controversy.

"Part A—Liability Coverage" declares: "We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." There follows a series of exclusions, none of which relate to the present controversy.

Under "Part B—Medical Payments Coverage" the policy declares, "We will pay reasonable expenses incurred for necessary medical and funeral services because of bodily injury." "Part C—Uninsured Motorists Coverage" is an agreement to pay damages which a covered person is entitled to recover from the owner or operator of an uninsured motor vehicle "because of bodily injury." Reference is also made to a "bodily injury bond or policy." A series of exclusions follow irrelevant to the present controversy.

Part D relates to damage to the auto; Part E to duties after an accident; Part F has general provisions relating to suit, termination, etc. Following these provisions is a section entitled "Endorsements," relating to a miscellaneous set of situations, none of them relevant. At the end of this section the president and secretary of Northern have affixed their printed signatures.

There then follows a section entitled "Safe Driver Insurance Plan." Points are assigned for accidents, including points for any auto accident that results in "bodily injury, or death." There follows a "Custom Auto Safe Travel Insurance Plan." Again points are assigned, including points for accidents that result in "bodily injury, or death." Following this section there is an "Amendment of Provisions—California." The policy here declares: "We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." A change is made in uninsured motorists coverage in which the language about "bodily injury bond or policy" is repeated. There is a Part IV entitled, "General Provisions" in these pages of amendment. Then, as a section separate from the California amendments, there is added a section headed "Liability Coverage" and the following exclusion is added to Part A, Section A: "We do not provide Liability Coverage for any person for bodily injury to you or any family member."

Each side moved for summary judgment. The district court granted Northern's motion, holding that the exclusion of coverage

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

1. Judge Noonan was drawn to replace the late Circuit Judge J. Blaine Anderson. Judge Noonan has read the briefs and reviewed the record.

for bodily injury to family members also excluded coverage for death of a family member. The defendants appeal to this court.

*Analysis*

The term "bodily injury" taken by itself is ambiguous. Anyone looking at the phrase is unsure whether it includes death or not. We turn to what is required by California law.

Under the California Insurance Code, Section 11580.1, no policy of automobile liability insurance may be issued unless it provides the coverage limits specified by Section 16056 of the Vehicle Code. That section provides that there must be coverage of not less than $15,000 "because of bodily injury to or death of one person in any one accident" and of $30,000 "because of bodily injury to or death of two or more persons in any one accident." Consequently, Northern could not have issued its policy without including death in the term "bodily injury" in the insuring clause. Moreover, an insured would have been on notice from "Part B—Medical Coverage Payments" that funeral expenses were included in the expenses incurred through bodily injuries. Finally, the Insurance Code section 11580.06(c) declares, "the term 'bodily injury' shall include sickness or disease, including death resulting therefrom." This statutory definition confirms the intention of the California legislature that death be included in the term "bodily injury."

In the parts of the policy that follow, however, death is distinguished from bodily injury in the two additions relating to points under the safe driver plans. An insured who persevered through reading the policy to this point would come to the conclusion that, at least in some contexts, bodily injury was different from death. The insured would then encounter the amendment of provisions relating to California where bodily injury is used without distinction from death.

■ We cannot say that a genuine ambiguity exists in the term "bodily injury" used in a California insurance policy, but another consideration comes into play where an exclusion has been buried in the depths of an insurance contract. In such a contract, "the California courts have long been disinclined to effectuate clauses of limitation of liability which are unclear, unexpected, inconspicuous, or unconscionable." *Steven v. Fidelity & Casualty Co.,* 58 Cal.2d 862, 27 Cal.Rptr. 172, 183, 377 P.2d 284, 295 (1962). Unclear, unexpected, inconspicuous, and unconscionable are four alternative reasons for refusing to recognize an exclusion.

Northern urges that the controlling doctrine is one of the insured's reasonable expectation and appeal to reasonable expectation may be made only when the policy language is ambiguous. *See Producers Dairy Delivery Co. v. Sentry Ins. Co.,* 41 Cal.3d 903, 912, 226 Cal.Rptr. 558, 718 P.2d 920 (1986) (per Lucas, J.). However, that case did not involve a contention that the exclusion was inconspicuous and it may reasonably be concluded that Justice Lucas did not address application of the doctrine where the exclusion was unlikely to be unnoticed. The California rule remains that, in addition to being clear, the exclusion must be conspicuous. *Ponder v. Blue Cross of Southern California,* 145 Cal. App.3d 709, 719, 193 Cal.Rptr. 632 (1983).

■ Arguably, this exclusion was both unexpected and inconspicuous. It was not indicated in the index. It occurred in a part of the policy not specifically related to California and placed after the provisions on safe driver plans. It would not be unfair to say that the exclusion was sneaked in. Family members are the persons most often carried in a car. It is family members any car owner most wants to be completely insured. If they are to be excluded, the insurer should so say up front, not in an annex appended after the signatures of the insurer's officers and after the specific California amendments. Nonetheless, the exclusion was indicated in a separate section with large black capitals headed, "Liability Coverage Exclusion Endorsement." It was then very clearly stated, "We do not provide Liability Coverage for any person for bodily injury to you or any *family member.*" (italics indicate black lettering

in original.) The clause is conspicuous in a way that the clause in *Ponder* was not.

The case is a close one. On balance, taking into account that the defense of inconspicuousness was not raised at trial and was brought up sua sponte by the court, we are unwilling to hold that the exclusion is unenforceable. It remains a puzzle why insurance contracts are written in labyrinthine fashion and why an insurer does not expend the extra energy necessary to make its insurance contracts crystal clear with exclusions set out in an orderly and logical way.

AFFIRMED.